IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| HUGUETTE NICOLE YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>TIM FOX, in his official capacity as Attorney General of the State of Montana,<br><br>Defendant. | CV-20-65-H-CCL<br><br><br>Order |

Before the Court is Plaintiff Huguette Nicole Young's "Motion to Reconsider Plaintiff's Application to Proceed IFP Given New Circumstances; and to Compel the Court to Honor Rule 5.1(b)." (Doc. 8). The Court has reviewed the record and is prepared to rule.

**Background**

On August 20, 2020, Plaintiff filed her verified complaint asking the Court to declare Montana's "face mask directive" unconstitutional and to enter a preliminary and permanent injunction barring Defendant Tim Fox from enforcing the directive. (Doc. 2). Plaintiff also filed an application to proceed *in forma pauperis*, asking the Court to reduce the filing fee to $100 and to waive the

reduced fee. (Doc. 1). Plaintiff provided no financial information to support her application, claiming that she should not be required to provide sensitive financial information before filing her complaint. (Doc. 1 at 3).

The Court denied Plaintiff's application without prejudice and directed her to either file a completed application to proceed without prepaying fees or pay the full $400 filing fee on or before October 19, 2020. The Court warned Plaintiff that failure to file a completed application or pay the filing fee would result in dismissal of her complaint. (Doc. 7).

**Pending Motion**

Plaintiff cannot move for reconsideration of the Court's order denying her application to proceed without prepayment of her filing fee without first seeking leave of court. L.R. 7.3(a). The Court must "liberally construe" *pro se* filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, therefore, has decided to treat Plaintiff's motion for reconsideration as a motion seeking leave to file a motion for reconsideration, even though the motion is subject to denial on procedural grounds.

The Court may reconsider a prior interlocutory ruling when the party seeking reconsideration demonstrates: "(A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to

the court before entry of the order for which reconsideration is sought, *and* (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order." L.R. 7.3(b)(1). In her motion, Plaintiff alleges two facts which she claims were not known to her when she prepared her original *in forma pauperis* application on August 7, 2020. (*See* Doc. 1 at 3). She learned that the suspension of her California commercial driver's license applies to her Oregon commercial driver's license, meaning she has lost "her ability to make a living as a truck driver in any state in the U.S. indefinitely." (Doc. 8 at 3). She also states that she has been approved "to receive food stamps (SNAP), and SNAP has been [her] only source of income since August 11, 2020."

    Plaintiff's statement that she has been receiving food stamps since August 11, 2020, indicates that she applied for SNAP benefits prior to that date. She could have used the information she provided in her SNAP application to demonstrate that she lacked the financial resources to pay the $400 filing fee. Far from exercising reasonable diligence to present the facts necessary to support her *in forma pauperis* application, Plaintiff chose not to include any information about her financial status in her application. The Court will not reconsider its denial of the application.

Plaintiff appears more interested in challenging 28 U.S.C. § 1915 than in complying with the statute. She argues in her motion for reconsideration that the statute only requires prisoners to provide the requested financial information. She bases this argument on a 1996 amendment to 28 U.S.C. § 1915(a) that was enacted as part of the Prison Litigation Reform Act of 1995. (Doc. 8 at 4).

The current version of 28 U.S.C. § 1915(a), which became effective on April 26, 1996, states in pertinent part:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). Before the 1996 amendment, 28 U.S.C. § 1915(a) stated in pertinent part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor.

28 U.S.C. § 1915(a) (1992). Contrary to Plaintiff's argument, the statute in place before the amendment required submission of a supporting affidavit.

Congress' enactment of the Prison Litigation Reform Act of 1995 was a necessary response to the "large number of prisoner complaints filed in federal court." *Jones v. Bock*, 549 U.S. 199, 202 (2007). The amendment to Section 1915(a) was apparently an attempt to clarify that the affidavit submitted by the person seeking to file without prepayment of fees must include a statement of assets. The Court concedes that the amendment as drafted is far from a model of clarity.

In 1997, the Sixth Circuit addressed the issue whether Congress intended to limit the ability to make a motion under 28 U.S.C. § 1915 to prisoner by adding the clause "a prisoner possesses" in 28 U.S.C. § 1915(a). *Floyd v. United States Postal Serv.*, 105 F.3d 274 (6th Cir. 1997), *overruled on other grounds by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1997). After a careful analysis of the legislative history, the Sixth Circuit held that "the only logical conclusion is that Congress intended to use the phrase 'person possesses' instead of prisoner possesses.'" *Id*. at 276. The defendant in *Floyd*, like Plaintiff, argued that the phrase "'all assets such prisoner possesses' means that only a prisoner must file an affidavit of assets." *Id*. at 277. The Sixth Circuit rejected the government's argument, holding that "[r]equiring all individuals to file an affidavit of assets assures the integrity of the indigency request." *Id*.

The Court agrees with the Sixth Circuit's analysis and holds that any person seeking to file without prepayment of fees must submit an affidavit setting forth her assets, so that the Court can determine whether she qualifies for *in forma pauperis* status. This position is consistent with the Court's longstanding requirement than an individual seeking to file without prepayment of fees provide information about her income and assets, which the undersigned followed even before the 1996 amendment to 28 U.S.C. § 1915.

Plaintiff also asks the Court to "honor Rule 5.1(b) of the Fed. R. Civ. P. And certify plaintiff's constitutional challenge [to 28 U.S.C. § 1914 and 1915(a)(1)] to the U.S. Attorney General." (Doc. 8 at 6). Plaintiff fails to understand that the purpose of Rule 5.1 is to ensure that the United States has the opportunity to intervene in any case in which a party files a pleading or other motion that calls into question the constitutionality of a federal statue. Certification is only required under Rule 5.1(b) in this case if the Court determines that it should consider Plaintiff's constitutional challenge to the *in forma pauperis* statute. That issue is not properly before the Court at this stage in the proceeding.

**Dismissal**

The Court has the inherent power to dismiss a case *sua sponte* for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779

F.2d 1421, 1423 (9th Cir. 1986). The Court must weight the following factors in determining whether to dismiss Plaintiff's case with prejudice for failure to comply with its order to file a properly supported *in forma pauperis* application: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Had Plaintiff complied with the Court's September 11, 2020, order and filed a completed application on the approved form, the Court could have proceeded to the second step and screened her complaint on the merits. Her failure to do so has unnecessarily delayed this litigation. The public interest in expeditious resolution of litigation favors dismissal in this case.

The Court's need to control its docket also favors dismissal. Plaintiff could have moved this case forward by complying with the Court's September 11, 2020, order. She instead chose to seek reconsideration of that order, causing the Court to needlessly spend additional time on her motion to reconsider, time that could have been devoted to other cases.

/ / /

According to the docket in this case, the Clerk of Court has not yet issued a summons for Defendant Fox. The "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan,* 291 F.3d at 642. The lack of prejudice to the defendant weighs against dismissal in this case.

The public policy favoring disposition of cases on their merits always weighs against dismissal of a case with prejudice. Dismissal with prejudice constitutes a decision on the merits and would bar Plaintiff from bringing her claim, even if she decided to pay the filing fee.

The deciding factor in this case is whether there are less drastic alternatives to dismissal of Plaintiff's case. "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson,* 779 F.2d at 1423. The case cannot move forward at this point because Plaintiff has refused to comply with the Court's order and file a properly supported *in forma pauperis* application, even though she was warned that failure to file could result in dismissal of this action. .

**Conclusion**

After weighing all of the factors, the Court has determined that dismissal of Plaintiff's claim with prejudice for failure to file a properly supported *in forma pauperis* application is not warranted and has chosen the less drastic alternative of dismissal without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reconsider (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall close this case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the docket shall reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that Plaintiff is not entitled to proceed on appeal *in forma pauperis* because she has not presented sufficient information to allow the Court to find that she is indigent.

Dated this 21st day of October, 2020.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE